UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RAY UNGER, <br><br> Plaintiff, <br><br> v. <br><br> GREG L. COMPTON, et al., <br><br> Defendants. | Civil Action No.  03-2613 (JDB) |

## MEMORANDUM OPINION

Presently pending before the Court in this pro se action brought by plaintiff Daniel Ray Unger, natural guardian for Joshua Paul Unger ("Joshua") his minor son, is the motion of defendants Greg L. Compton ("Compton"), City of Jacksonville, Texas ("City"), Margarita Meza ("Meza"), Pete Menefee ("Menefee"), and Steven Guy ("Guy") to dismiss or transfer pursuant to Fed. R. Civ. P. 12(b)(2) and (3) for lack of personal jurisdiction and for improper venue.  For the reasons that follow, the motion will be granted and the case will be transferred, in its entirety[1], to the Tyler Division of the Eastern District of Texas.

---

[1] The Federal Rules of Civil Procedure indicate that personal jurisdiction and venue are matters to be raised by motion or responsive pleading, not by the court sua sponte.  Fed.R.Civ.P. 12(b), (h)(1).  See Anger v. Revco Drug Co., 791 F.2d 956, 958 (D.C. Cir. 1986).  Although defendant State of Texas ("Texas") has not at this time moved to dismiss plaintiff's case, Texas has raised in its answer the defenses that this Court lacks personal jurisdiction over it and that the District of Columbia is not an appropriate venue.  For the reasons stated infra, the Court concludes that it also lacks personal jurisdiction over Texas and that venue in this District is also improper as to Texas.

-1-

## **BACKGROUND**

The instant case arises out of a traffic stop[2], detention, and ensuing proceeding in municipal court in Jacksonville, Cherokee County, Texas, involving plaintiff's minor son Joshua. On December 19, 2003, plaintiff filed a Complaint in this Court, bringing claims against the various defendants for: (1) trespass on the "unalienable God given right to personal liberty"; (2) trespass on the "unalienable God given right to the free exercise of religious beliefs"; (3) trespass on the "unalienable God given right to personal freedom to have the power of acting as one thinks fit, without restraint or control"; (4) trespass on the "liberty to contract, and/or rather the liberty to abstain from making a contract"; (5) trespass on the "personal liberty to travel upon the common highways"; (6) trespass caused by abuse of the process of the court; (7) trespass against plaintiff by "transgressing Unalienable God given rights, by either enforcing unconstitutional laws or misapplying laws which are constitutional"; and (8) trespass committed on plaintiff's liberty in defendants' attempts to "deprive [plaintiff] of a vested property right, which is the right to use the common highways without toll or fee."

---

[2] Plaintiff alleges that on or about November 8, 2003, his minor son Joshua was stopped by defendant Compton, a City police officer, who asked Joshua for a personal identification number. According to plaintiff's allegations, Joshua explained to Compton that, pursuant to his religious beliefs, he did not believe in having a personal identification number, such as a social security number, nor did he use a birth date for identification purposes. Compton then arrested Joshua for "failure to i.d.".

On January 21, 2004, plaintiff filed a motion for TRO[3], motion for preliminary injunction and show cause order, and motion for bond on TRO and preliminary injunction[4]. Defendants Compton, City, Meza, Menefee, and Guy filed an answer and motion to dismiss for lack of personal jurisdiction on January 28, 2004. On February 4, 2004, plaintiff filed an opposition to the motion to dismiss as well as a "motion request for Court to take judicial notice of adjudicative facts." Defendant Texas filed its answer on February 11, 2004.

## STANDARD OF REVIEW

Plaintiff bears the burden of establishing personal jurisdiction over each defendant. In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. See GTE New Media Services, Inc. v. Ameritech Corp., 21 F.Supp.2d 27, 36 (D.D.C.1998), remanded on other grounds sub nom. GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C.Cir. 2000); Comsat Corp. v. Finshipyards S.A.M., 900 F.Supp. 515, 520 (D.D.C.1985). Moreover, plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. See Rush v. Savchuk, 444 U.S. 320, 331-32 (1980) (rejecting aggregation of co-defendants' forum contacts in determining personal jurisdiction because "the requirements of International Shoe must be met as to each defendant over whom a state court exercises jurisdiction"). When considering personal jurisdiction, the Court need not treat all of the

---

[3] On February 2, 2004, the Court issued an order denying plaintiff's ex parte motion for TRO.

[4] Plaintiff submitted to the Court "in consideration of the issuance of the temporary restraining order and preliminary injunction . . . the sum of $100.00" as bond "to the effect that [plaintiff] will pay to the parties enjoined and restrained, such damages, not exceeding the amount of this undertaking . . . ." Pl. Mot. for Bond at 7.

plaintiff's allegations as true.  Instead, the court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." United States v. Philip Morris Inc., 116 F.Supp.2d 116, 120 n. 4 (D.D.C. 2000); see also Capital Bank Int'l, Ltd. v. Citigroup, Inc., 276 F.Supp.2d 72, 74 (D.D.C. 2003); Novak-Canzeri v. Al Saud, 864 F.Supp. 203, 206 (D.D.C.1994) ("the Court must accept Plaintiff's claims as true in ruling on a 12(b)(2) motion, unless they are directly contradicted by an affidavit").

## ANALYSIS

It is plaintiff's burden to establish personal jurisdiction over defendants and to allege specific facts on which personal jurisdiction can be based.  Plaintiff has not alleged that any of the defendants are residents of the District of Columbia and the defendants maintain that they are not residents of the District of Columbia.

In determining whether personal jurisdiction over a non-resident exists, a court engages in a two-part inquiry: first, the court must examine whether the state's long-arm statute provides a basis for jurisdiction over the defendants, and second, the court must determine whether a finding of jurisdiction satisfies the constitutional requirements of due process.  See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995).

Defendants do not fall within the embrace of the District's long-arm statute.  The D.C. long-arm statute provides, in relevant part, that

> [a] District of Columbia court may exercise personal jurisdiction
> over a person, who acts directly or by an agent, as to a claim for
> relief arising from the person's --
> (1) transacting any business in the District of Columbia; . . .
> (4) causing tortious injury in the District of Columbia by an act or
> omission outside the District of Columbia if he regularly does or
> solicits business, engages in any other persistent course of conduct,

>    or derives substantial revenue from goods used or consumed, or
>    services rendered, in the District of Columbia.

D.C. Code Ann. § 13-423(a) (1981).  Plaintiff does not allege that defendants transact any business in the District of Columbia, and there is no reason to believe that they did.  The alleged acts of defendants that plaintiff complains of all took place in Texas and cannot give rise to personal jurisdiction in the District of Columbia because plaintiff has not alleged, much less established, that defendants solicit business, engage in any other persistent course of conduct, or derive substantial revenue from the District of Columbia.  Indeed, there is absolutely no connection between the acts of which plaintiff complains, or his alleged injuries, and the District of Columbia.

The due process requirements that (1) the non-resident defendant must have purposefully availed himself of the benefits of the forum by establishing "minimum contacts" with it, and (2) the court's exercise of personal jurisdiction must not offend "traditional notions of fair play and substantial justice," see International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), are thus not satisfied with respect to defendants.  In order to assert jurisdiction, the Court must find that "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Plaintiff has failed to establish that defendants have had any contact with the District of Columbia.  Given the lack of any allegation that defendants have a connection with the forum state, the exercise of personal jurisdiction in this case would undoubtedly offend traditional

notions of fair play and substantial justice. The Court concludes that it lacks personal jurisdiction over defendants.[5]

Defendants Compton, City, Meza, Menefee, and Guy request that this Court either dismiss plaintiff's suit in its entirety or transfer the case to the Tyler Division of the Eastern District of Texas. Plaintiff also requests that the Court transfer the case "if this Court determines that Article III venue properly should be in another district court . . . rather than dismiss this cause in its entirety." Pl. Opp. at 16. Pursuant to 28 U.S.C. § 1631, therefore, this Court will transfer the case to the Tyler Division of the Eastern District of Texas.

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion and transfer the case to the Tyler Division of the Eastern District of Texas. A separate order accompanies this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Dated: February 12, 2004

---

[5] Defendants Compton, City, Meza, Menefee, and Guy also argue that venue in the District of Columbia is improper and defendant Texas also raises improper venue as its fourth defense in its answer. The Court observes that, pursuant to 28 U.S.C. § 1391(b), venue is improper in this Court. No defendant resides in the District of Columbia and no events, much less "a substantial part of the events," that give rise to plaintiff's claims occurred here.

Copies to:

Daniel Ray Unger
C/O General Delivery
Alto Post Office
Alto, TX 75025
(903)743-5341
  *Plaintiff*

Shelby J. Kelley
BRACEWELL & PATTERSON, LLP
2000 K Street, NW
Suite 500
Washington, DC 20006
(202) 828-5859
Fax : (202) 857-2117
Email: skelley@bracepatt.com
  *Counsel for defendants Compton, City, Meza, Menefee, and Guy*

Charles K. Eldred
Office of the Attorney General for Texas
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2154
Fax : (512) 495-9139
Email: charles.eldred@oag.state.tx.us
  *Counsel for defendant Texas*